George F. SCHWEDT, Petitioner-Appellant,

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, Respondent-Respondent,

SQUARE D COMPANY, Respondent.

Court of Appeals

*No. 93–3467. Submitted on briefs September 15, 1994.—Decided October 26, 1994.*

(Also reported in 525 N.W.2d 130.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *John S. Williamson, Jr.* of Appleton.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *David C. Rice*, assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

ANDERSON, P.J. George F. Schwedt appeals from a trial court order affirming a decision and order of the Department of Industry, Labor and Human Relations (DILHR). Because we conclude that DILHR reasonably interpreted § 103.10(3)(b)1, STATS., to mean that any noncontinuous increments of the six-week family leave must begin within sixteen weeks of the child's birth, we affirm.

The facts are undisputed. At the time of this appeal, Schwedt had been employed by Square D Company for nine years. He is the father of a child born on April 5, 1992. As a result of his child's birth, Schwedt used five of his six weeks of family leave as provided by the Wisconsin Family and Medical Leave Act (WFMLA) by July 17, 1992. He had used these five weeks in noncontinuous increments, with each increment beginning within sixteen weeks of the child's birth.

On January 25, 1993, Schwedt asked Square D Company for the remaining five days of his family leave to be used on February 4, 5, 8, 11 and 19, 1993. Square D Company denied Schwedt's request because "the requested five day leave period did not begin within sixteen weeks of the birth of the child."

Schwedt proceeded to file a complaint with the Equal Rights Division of DILHR, alleging that Square D Company violated the WFMLA by denying the exercise of a right provided under the law. On May 20, 1993, following a hearing, the administrative law judge (ALJ) dismissed Schwedt's complaint, concluding that "Square D did not violate the Wisconsin Family and Medical Leave Law by interfering with, restraining, or

502

denying the exercise of a right protected under the Law by denying family leave to Schwedt for February 1993."

Schwedt appealed to the Winnebago county circuit court from the ALJ's decision and order. On November 19, 1993, the circuit court issued an order affirming the ALJ and stated: "[T]he Department's decision and order are entitled to deference and . . . the Department reasonably interpreted the WFMLA to require that any non-continuous increment of the six-week family leave . . . must begin within sixteen weeks of the child's birth . . .." Schwedt appeals to this court from the order of the circuit court.

Schwedt contends that our standard of review for this appeal is de novo. His argument is twofold. He asserts that because the ALJ did not address the interpretation of § 103.10(3)(a), STATS., as set forth by Schwedt on this appeal and because this case is "essentially one of first impression," no deference is owed to the ALJ's decision.

In contrast, DILHR contends that the department's interpretation is entitled to "great weight" and should be affirmed if reasonable. It states that such deference is required because "the Department gained experience and expertise concerning the WFMLA when it went through the rulemaking process and carefully considered its provisions."

■■■

Whether or not a parent who takes his or her first increment of family leave under the WFMLA within sixteen weeks of the child's birth may complete that leave in noncontinuous increments within the twelve-month period following birth requires the application of undisputed facts to a statute. This is a question of law. *Local No. 695 v. LIRC*, 154 Wis. 2d 75, 82, 452 N.W.2d 368, 371 (1990). We are not bound by an

administrative agency's conclusions when reviewing questions of law. *Sauk County v. WERC*, 165 Wis. 2d 406, 413, 477 N.W.2d 267, 270 (1991). However, we will defer to an agency's decision if:

> [T]he administrative agency's experience, technical competence, and specialized knowledge aid the agency in its interpretation and application of the statute . . .. Where a legal question is intertwined with factual determinations or with value or policy determinations or where the agency's interpretation and application of the law is of long standing, a court should defer to the agency which has primary responsibility for determination of fact and policy.

*Id.* (quoted source omitted). This standard is known as the "great weight" standard and is the general rule in Wisconsin. *Id.*

In this case, however, the appropriate standard of review is to give the agency's decision "due weight." "The second level of review is a mid-level standard, referred to as either the 'due weight' or 'great bearing' standard. We use this standard if the agency decision is 'very nearly' one of first impression." *Id.* at 413-14, 477 N.W.2d at 270 (quoted source omitted). We conclude that this is the appropriate standard of review because there does not appear to be a great deal of litigation regarding the interpretation of the WFMLA in which DILHR could have developed its expertise. Additionally, the agency's decision is afforded due weight because it squarely addressed the language and purpose of § 103.10, STATS., which are the subjects of this appeal.

Schwedt challenges the ALJ's decision that § 103.10(3)(b)1, STATS., requires all increments of leave

pertaining to the birth of an employee's natural child begin within sixteen weeks of the child's birth. Schwedt contends that he "sought to take the final five days of his leave in the twelve-month period following his child's birth, a period clearly within the purposes of the FMLA." Section 103.10 provides in relevant part:

> **(3)** FAMILY LEAVE. (a) 1. In a 12-month period no employe may take more than 6 weeks of family leave under par. (b) 1 and 2.
>
> 2. In a 12-month period no employe may take more than 2 weeks of family leave for the reasons specified under par. (b) 3.
>
> 3. In a 12-month period no employe may take more than 8 weeks of family leave for any combination of reasons specified under par. (b).
>
> (b) An employe may take family leave for any of the following reasons:
>
> 1. The birth of the employe's natural child, if the leave begins within 16 weeks of the child's birth.
>
> 2. The placement of a child with the employe for adoption or as a precondition to adoption under s. 48.90(2), but not both, if the leave begins within 16 weeks of the child's placement.
>
> 3. To care for the employe's child, spouse or parent, if the child, spouse or parent has a serious health condition.
>
> (c) Except as provided in par. (d), an employe shall schedule family leave after reasonably considering the needs of his or her employer.
>
> (d) An employe may take family leave as partial absence from employment. An employe who does so shall schedule all partial absence so it does not unduly disrupt the employer's operations.

*See also* WIS. ADM. CODE § IND 86.02. Schwedt relies upon a reading of § 103.10(3)(a)1 which provides that an employee cannot take more than six weeks of family

leave in a twelve-month period as it pertains to leave for the birth of a child and adoption. Schwedt argues that the WFMLA permits an employee who has taken *an increment* in the sixteen-week period following the birth to complete the remaining increments during the twelve-month period following the birth. Neither party disputes that leave can be taken in noncontinuous increments. *See* WIS. ADM. CODE § IND 86.02(1).

■ We disagree with Schwedt's interpretation of § 103.10, STATS. The agency stated that the purpose of the sixteen-week limitation in § 103.10(3)(b)1 is:

> [To] promote[ ] the purpose of the Law by requiring employees to take family leave near the time of the birth of the child for purposes of assisting the other family members with the rigors of a new child and the purpose of bonding within the family. Secondly, it gives employers a time frame as to when they can expect an employee to take family leave because of the birth of a child.

We conclude that DILHR reasonably interpreted the plain language of § 103.10(3)(b)1 to mean that any noncontinuous increment of the six-week family leave allowed for the birth of a child must begin within sixteen weeks of the child's birth.

Although the agency's decision did not address Schwedt's interpretation that the twelve-month period of § 103.10(3)(a)1, STATS., applies in this situation, we conclude that the plain language of the WFMLA clearly requires family leave for the birth of a child to begin within sixteen weeks of that child's birth. Because we conclude that an application of the plain meaning of § 103.10 to the facts in this case resolves the dispute, we will not resort to further methods of interpretation.

"If the statute is unambiguous, resort to judicial rules of interpretation and construction is not permitted, and the words of the statute must be given their obvious and intended meaning." *State Historical Soc'y v. Village of Maple Bluff*, 112 Wis. 2d 246, 252-53, 332 N.W.2d 792, 795 (1983).

We agree with DILHR that the twelve-month period articulated in § 103.10(3)(a)1, STATS., is "merely a restrictive provision." Subsection (3)(a)1 limits the employee to six weeks of family leave within a twelve-month period for the birth of a child. Each increment of leave, however, must begin within sixteen weeks of the child's birth in order to balance the parent's need to care for the new child with the employer's need to know a reasonable time frame during which leave will be taken.

*By the Court.*—Order affirmed.